**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RAYMOND L. SEMLER,

       Plaintiff,                         Case No. 16-cv-399 (JNE/LIB)
                                           ORDER

       v.

EMILY JOHNSON PIPER, *Commissioner*
*of the Department of Human Services*;
CINDY CHERRO, *Security Counselor Lead*;
SHELBY HALL, *Security Counselor*;
ALLISON COLLINS, *LSW*; HEIDI
MENARD, *MSW, LICSW, Clinical*
*Supervisor*; JESSICA GEIL, *Minnesota Sex*
*Offender Program-Moose Lake Legal Liaison*;
SHANNON DRAVES, *Security Counselor*;
CHERYL FLOREN, *Security Counselor*;
JORDAN GOODMAN, *Unit Director,*
*Complex 1-A*;

       Defendants.

     *Pro se* plaintiff Raymond L. Semler brought this action pursuant to 42 U.S.C. § 1983

alleging that Defendants violated his constitutional rights under the First, Fourth, and Fourteenth

Amendments of the United States Constitution.  Semler is civilly committed under the Minnesota

Sex Offender Program and challenges alleged actions by the various state employees named in

the Complaint alleged to be involved in administering the program.  Defendants moved to

dismiss the Complaint, and Semler filed an opposition.

     In a Report and Recommendation dated January 31, 2017 [Dkt. No. 36], the Honorable

Leo I. Brisbois, United States Magistrate Judge, recommended that:

1.  Semler's Section 1983 claims seeking monetary damages as alleged against Defendants

    in their official capacities be dismissed *with* prejudice for lack of subject matter

    jurisdiction;

2.  Semler's claims against Defendant Emily Johnson Piper be dismissed *without* prejudice
for failure to state a claim upon which relief may be granted; and

3.  Each of the following claims for monetary damages, injunctive relief, and declaratory
relief against Defendants in their individual capacities, and for injunctive and declaratory
relief against Defendants in their official capacities, be dismissed *without* prejudice for
failure to state a claim upon which relief may be granted:

   a.  First Amendment access to courts claims;

   b.  First Amendment right to access the press claims;

   c.  First Amendment right to free speech claims;

   d.  First Amendment retaliation claims;

   e.  Fourth Amendment claims;

   f.  Fourteenth Amendment procedural due process claims; and

   g.  Fourteenth Amendment substantive due process claims.

Semler objected to the Report and Recommendation, and Defendants responded.

The Court has conducted a *de novo* review of the record, including Semler's objections.
*See* D. Minn. L.R. 72.2(b).  The Court adopts the conclusions of the Report and
Recommendation in full, adopts its thorough reasoning with one exception as stated below, and
adds some analysis in view of the additional briefing.  Its review of the Complaint is limited to
the allegations in that pleading and ignores, as it must, any extra facts asserted in the parties'
memoranda.

### Semler Lacks Standing to Assert Some Claims

The Court's reasoning departs from the Report and Recommendation only with regard to
the rationale for dismissing the claims relating to Semler's purported right to act as a "jailhouse

lawyer." These claims are dismissed without prejudice for lack of jurisdiction rather than for failure to state a claim. As the Report and Recommendation explains, the main thrust of Semler's Complaint alleges that Defendants unconstitutionally interfered with and/or retaliated against him for his efforts to assist other civilly committed persons "in preparing legal documents/motions in the courts," *i.e.*, "acting as a 'jailhouse lawyer.'" Compl. ¶¶ 9-10; *see also, e.g.*, Compl. ¶¶ 12, 14, 15, 17, 19. "A jailhouse lawyer has no independent right to provide legal advice, but may assert the right on behalf of other inmates who are otherwise unable to obtain access to the courts." *Goff v. Nix*, 113 F.3d 887, 890 (8th Cir. 1997). Although Semler repeatedly alleges that Defendants' actions affected his representation of others, he explicitly disclaims that he brings this suit on their behalf, instead arguing that it is *his* "constitutional right to help [and] assist other clients" that he seeks to protect. Compl. ¶ 23. He expressly alleges: "Plaintiff is *not* arguing, acting, or representing any other client that he has assisted, but rather argues that the actions by Defendants and the unwritten policy and procedures enacted by Defendants have violated *Plaintiff's constitutional rights*." Compl. ¶ 22 (emphases added). The Court reads Semler's *pro se* pleading liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), but this explicit disclaimer is clear. In light of it, the Court concludes that Semler does not have standing to assert the First Amendment claims relating to his "jailhouse lawyering," nor related theories, because he has not alleged any injury to himself. *Goff*, 113 F.3d at 890.

Moreover, even if the Court were to ignore this clear disclaimer and find that Semler was attempting to sue on behalf of others, he still would have no standing because he has not alleged that any other persons suffered injury. The Complaint does not even identify any other people whom Semler was allegedly assisting. It does not affirmatively allege that any of these unknown people consented to his helping them. Nor does it include any facts to plausibly allege that these

unknown people were injured by Defendants' alleged actions in the sense that the persons "were

prevented from receiving legal assistance or that they were unable to make such claims

themselves." *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994).  Semler would thus lack

standing to assert the various legal theories predicated on these alleged facts.  *Id.* (finding that

jailhouse lawyers lacked standing to bring denial-of-access claims and that related claims also

failed); *see also Wilson v. State of Iowa*, 636 F.3d 1166, 1167 (8th Cir. 1981) (without amending

the complaint, plaintiff did not have standing to bring retaliation claim where he did not allege

"that alternative means of legal assistance were not available to the other prisoner").

The Court therefore lacks jurisdiction to consider these claims as pleaded.

### Additional Analysis

In addition to Semler's primary claims related to "jailhouse lawyering," he also included

the following allegation: "Defendant Geil has also directed MSOP staff to confiscate newspaper

articles regarding MSOP and the constitutionality of the program . . . which Plaintiff typed,

printed, and distributed to other clients throughout the facility."  Compl. ¶ 24.  The Report and

Recommendation evaluated this factual allegation as a potential First Amendment free speech

claim and concluded that it failed.  *See* Dkt. No. 36, at 17-18.  Semler objected that his

allegations relating to the "newspaper articles" state claims for violation of his rights of access to

the press, to free speech, and for substantive due process, as well as a claim for retaliation.  *See*

Dkt. No. 37, at 9-11, 13, 16.  The Court agrees with the magistrate judge that this bare statement,

even liberally construed, does not meet the plausibility requirements of *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  The Complaint alleges no additional facts to push the allegation across the

line between possibility and plausibility—for example, what the "articles" consisted of; when

Semler distributed them; to whom he distributed them; whether they actually were "confiscated"

and if so, by whom; and (to the extent Semler alleges due process violations) what process was

allowed to challenge the "confiscations." The single sentence alleged in the Complaint fails to

state a claim under any of the theories asserted.

Semler also objects to the Report and Recommendation's recommended dismissal of his

Fourth Amendment claim. Dkt. No. 37, at 13. The Court agrees with the Report and

Recommendation's analysis. Further, to the extent that Semler alleges that searches of his room

violated the Fourth Amendment, the Court notes that pretrial detainees "do not have a reasonable

expectation of privacy in their jail cells" and queries, without deciding the question, whether the

same principle bars Semler's allegations relating to room searches. *Arnzen v. Palmer*, 713 F.3d

369, 372 (8th Cir. 2013); *see also Serna v. Goodno*, 567 F.3d 944, 948-49 (8th Cir. 2009).

Finally, in his objections, Semler mentioned—for the first time—a desire to amend his

Complaint, after the magistrate judge recommended its dismissal. There is no formal motion to

amend the Complaint before the Court, and Semler has not complied with the District of

Minnesota Local Rule 15.1(b). The Court will not grant the belated request to amend. *See Ellis*

*v. City of Minneapolis*, 518 Fed. Appx. 502, 504-05 (8th Cir. 2013). The Court notes, however,

that most of the claims will be dismissed without prejudice. The only claims to be dismissed

with prejudice are the claims seeking monetary damages against Defendants in their official

capacities, and Semler agrees that those claims cannot be brought, *see* Dkt. No. 37, at 5.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1. Plaintiff Raymond L. Semler's Section 1983 claims seeking monetary damages against Defendants in their official capacities are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

2. Plaintiff's claims relating to his allegations of being a "jailhouse lawyer" are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

3.  The remainder of this action is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 22, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge